[No. 18124.    Department Two.    December 18, 1923.]

EMMA MOORMAN et al., Respondents, v. THOMAS BYRON, Appellant.[1]

MUNICIPAL CORPORATIONS (379, 391)—STREETS—ACCIDENT AT CROSSING—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The negligence of a stage driver who struck a pedestrian on a crossing, and the contributory negligence of the pedestrian, are questions for the jury, where both were proceeding westerly at a street intersection on opposite sides of the street, and the stage driver turned at the intersection, hitting the pedestrian without seeing her.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered May 5, 1923, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a pedestrian struck by an auto stage. Affirmed.

*Sherwood & Mansfield,* for appellant.

*Wm. Sheller* and *Louis A. Merrick,* for respondents.

PEMBERTON, J.—This is an action for the recovery of damages for injuries received by respondent Emma Moorman.

On the sixth day of January, 1922, respondents were walking north on the east side of Colby avenue, in the

[1]Reported in 221 Pac. 297.

city of Everett. There is a street car track near the
center of Colby avenue. Upon reaching Everett ave-
nue, respondents turned to the left, and at the street
crossing proceeded as far as the street car track. At
this point they hesitated, looking both to the right and
to the left, and seeing that the way was clear, respond-
ent Emma Moorman stepped forward to cross to the
curb on the west side of Colby avenue. At or about
this time, a stage driven by appellant was on the north
side of Everett avenue, proceeding westerly at the
street intersection. Appellant, seeing a car coming
from the west, stopped his stage, and noticing that the
right of way had been given him, proceeded forward
and to the left, making the turn to go south on Colby
avenue, and the stage ran against respondent Emma
Moorman, causing the injuries complained of.

To the complaint of respondent, appellant alleged, as
an affirmative defense, that the respondents were guilty
of contributory negligence. The case was submitted
to a jury. At the conclusion of the testimony of re-
spondent, the appellant moved for a dismissal of the
action on the ground that the testimony was not legally
sufficient to establish negligence on the part of appel-
lant, and upon the further ground that respondents
were guilty of contributory negligence as a matter of
law. The motion was denied. At the conclusion of all
the testimony, the motion was renewed and denied. A
verdict was returned in favor of respondents in the
amount of $685. Appellant moved for judgment not-
withstanding the verdict. This motion was denied and
judgment was entered in favor of respondents, from
which this appeal is taken.

At the time respondent was injured, she was on the
westerly side of Colby avenue on the cross-walk south
of the street intersection, and before passing from the

street car track westerly, would naturally not see appellant's car going westerly on the north side of Everett avenue. There is some testimony to the effect that appellant stated after the accident that he did not see respondents.

After reviewing the testimony in this case we are satisfied that the respondents were not guilty of contributory negligence as a matter of law, and this being true, both the negligence of the appellant and the contributory negligence, if any, of respondents were facts for the jury. *Tooker v. Perkins,* 86 Wash. 567, 150 Pac. 1138; *Adair v. McNeil,* 95 Wash. 160, 163 Pac. 393.

The judgment is affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.